**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

THANH THUONG PHAM,

Petitioner,

v.

JEREMY CASEY, Warden, Imperial Regional Detention Center; MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; TODD BLANCHE, Attorney General; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; and JESUS ROCHA, Acting Field Officer Director, San Diego Field Office,

Respondents.

Case No.: 3:26-cv-04478-BTM-BJW

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF NO. 5]**

//

//

//

Thanh Thuong Pham petitioned the Court for the writ of habeas corpus on August 5, 2026. (ECF No. 1.) He claims in his amended petition that the Respondents violated the Administrative Procedures Act and the Due Process Clause of the Fifth Amendment by revoking his parole without notice and opportunity to be heard. (ECF No. 5 ("Am. Pet."), at 3–8.) The Respondents concede that Pham is detained under 8 U.S.C. § 1226(a) and acknowledge that Pham was previously released from immigration custody on conditional parole.

The Court analyzed the same issue in *Tulyakov v. LaRose*, No. 26-cv-01695, 2026 WL 981218 (S.D. Cal. Apr. 13, 2026) and *Zamudio Rangel v. LaRose*, No. 26-cv-01505, 2026 WL 1075244 (S.D. Cal. Apr. 20, 2026). The Court adopts its previous decisions and applies them here. The Court finds that Pham was granted conditional parole after Border Patrol detained him upon entry and then released him into the country. (ECF No. 5-1, ¶ 2.) An ankle monitor was placed on Pham, which he wore for approximately six days. (*Id.* ¶ 3.) Pham used an app on his phone to check in with enforcement officials and he would occasionally get called in for check-ins. (*Id.* ¶ 3.) *See J.S.H.M. v. Wofford*, 2025 WL 2938808, at *6 (E.D. Cal. Oct. 16, 2025) ("A person on conditional parole is usually released on their own recognizance subject to certain conditions such as reporting requirements.") The Court also finds that, in light of the *Mathews v. Eldridge* factors, Pham's liberty interest and the procedural protections afforded that interest outweigh the Respondents' enforcement interest. *See* 424 U.S. 319, 334–35 (1976).

The Respondents violated Pham's due process rights by "detaining [him] without justification." *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1158 (D. Minn. 2025); *cf. Niz-Chavez v. Garland*, 593 U.S. 155, 172 (2021). ICE here did not give Pham notice of any reason for his detention or an opportunity to rebut it. Moreover, the Respondents do not contend that any changed circumstances warranted Pham's re-detention or that Pham is a danger to the community or a flight risk. Thus, the writ must issue to release him from custody.

//

The petition for a writ of habeas corpus is **GRANTED** and the writ is **ISSUED**. The Respondents shall immediately release Pham from custody on any preexisting conditions. The parties shall file a joint statement as to the satisfaction of the writ by September 8, 2026 at 5 p.m. The Court retains jurisdiction to enforce the writ.

**IT IS SO ORDERED.**

Dated: September 7, 2026

Honorable Barry Ted Moskowitz
United States District Judge